## Appeal of EAGLE SHOE MANUFACTURING CO., INC.

Docket No. 5593.   Submitted February 2, 1926.   Decided April 21, 1926.

BAD DEBTS ; DEDUCTION IN PART.—Under the Revenue Act of 1921, a corporate taxpayer is entitled " when satisfied that a debt is recoverable only in part," to charge off the part not recoverable.

*John J. Barry, Esq.*, for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

Before James, Littleton, Smith, and Trussell.

This proceeding was taken with a view to securing a redetermination of an asserted deficiency in income tax for the calendar year 1921 in the amount of $320.39. The petition alleges error on the part of the Commissioner in declining to allow a deduction from gross income of $3,203.85, a portion of an account which the taxpayer on December 31, 1921, deemed to be recoverable only in part.

### FINDINGS OF FACT.

The taxpayer is a Massachusetts corporation with its principal office at Everett. Some time prior to December 31, 1921, the taxpayer had upon its books an open merchandise account against the Jolles Shoe Co., of Boston, Mass., in the amount of $5,272.25. The debtor had become insolvent and its affairs were being wound up in bankruptcy proceedings. Prior to the end of the year 1921 the bankrupt estate had distributed a creditors' dividend in the amount of 25 per cent of their claims, thus reducing the taxpayer's claim to $3,954.19, at which amount it stood on the taxpayer's books on the morning of December 31, 1921. On that date, the taxpayer, being then satisfied that a large part, if not all, of said claim could never be recovered, wrote off of said account the amount of $3,203.85, charged the same to profit and loss for the year 1921, and claimed that amount among its bad debt deductions in its income-tax return for that year.

The bankrupt estate of the Jolles Shoe Co. never paid another creditors' dividend or made any further distribution to the creditors in any form whatever, and on February 10, 1922, the balance of said account was written off and charged to profit and loss. The Commissioner restored the amount of $3,203.85 to the taxpayer's income for the year 1921, and upon that basis computed the deficiency of $320.39.

### OPINION.

Trussell: The writing off of bad debts and their deduction from gross income during the taxable year here under consideration is governed by section 234 (a) (5) of the Revenue Act of 1921, which reads as follows:

Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

The record of this case proves that on December 31, 1921, the taxpayer's debtor was bankrupt and that, after having received a 25

per cent creditors' dividend, the taxpayer was satisfied that little if any more could be recovered upon its account, and thereupon exercised its sound business judgment in writing off approximately three-fourths of the balance of said debt and claiming the same as a deduction from gross income in the year 1921, and when, in the year 1922, it developed that no further payments were to be made from the debtor's estate, the remaining balance of such account was written off. We are of the opinion that the taxpayer acted well within the limits of sound business discretion, as well as within the provisions of the above-quoted portion of the Revenue Act of 1921, and that its claim for a deduction from gross income for the year 1921 on account of the Jolles Shoe Co.'s debt should be allowed.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*